IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KARLA OLIVER                                                                                          PLAINTIFF
*On behalf of*
D.L.Y., A MINOR

vs.                                            Civil No. 4:11-cv-04035

MICHAEL J. ASTRUE                                                                             DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Karla Oliver ("Plaintiff") brings this action on behalf of D.L.Y., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying D.L.Y.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed an SSI application on behalf of D.L.Y. on March 29, 2008. (Tr. 12, 72).  Plaintiff alleged D.L.Y. was disabled due to attention deficit hyperactivity disorder ("ADHD") and bipolar disorder. (Tr. 95).  Plaintiff alleged D.L.Y.'s onset date was January 1, 2003. (Tr. 95).  This application was denied initially and again upon reconsideration. (Tr. 51-60).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on D.L.Y.'s application, and this hearing request was granted. (Tr. 61-63). An administrative hearing was held on September 3, 2009 in Texarkana, Arkansas. (Tr. 31-48). Plaintiff was present at the hearing, but was not represented by counsel. *Id.* Plaintiff was advised about her choice to be able to have representation at the hearing, but she chose to proceed without representation. *Id.* Only Plaintiff testified at the hearing. *Id.* During that hearing, Plaintiff testified that D.Y.L. was born on January 21, 1997 and was twelve years old as of the date of the hearing. *Id.*

On March 9, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of D.L.Y. (Tr. 12-27). In this decision, the ALJ determined D.L.Y. had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 15, Finding 2). The ALJ determined D.L.Y. had ADHD and bipolar disorder. (Tr. 15, Finding 3). The ALJ determined these were severe impairments. *Id.* The ALJ also determined, however, that none of D.L.Y.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 15, Finding 4).

In assessing whether D.L.Y.'s impairments were functionally equivalent to a Listing, the ALJ assessed six domains of functioning. (Tr. 16-26). Specifically, the ALJ determined D.L.Y. had the following limitations in the six domains of functioning: (1) no limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) less than a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitations in caring for oneself; and (6) no limitation in health and physical well-being. (Tr. 20-26). Based upon these findings, the ALJ determined D.L.Y. had not been under a disability, as defined by the Act, at any time through the date of his decision. (Tr. 26,

Finding 6).

Thereafter, on April 1, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On March 18, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On April 13, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 24, 2011. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2011, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

4

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.   Discussion:**

In her appeal brief, Plaintiff alleges (1) D.L.Y. has a marked limitation in at least two domains of functioning or an extreme limitation in at least one domain of functioning such that D.L.Y.'s impairments are functionally equivalent to a Listing, and (2) the ALJ failed to fully and fairly develop the record. ECF No. 10. In response, Defendant claims the ALJ properly determined D.L.Y.'s impairments were not functionally equivalent to any of the Listings. ECF No. 11. To fully

evaluate D.L.Y.'s alleged disability, this Court will separately consider each of the following six domains of functioning: (A) acquiring and using information; (B) attending and completing tasks; (C) interacting and relating with others; (D) moving about and manipulating objects; (E) caring for yourself; and (F) health and physical well-being.

### A. Domains of Functioning

#### 1. Acquiring and Using Information

In this domain of functioning, the SSA considers how well a claimant acquires or learns information and how well the claimant uses the information learned. *See* 20 C.F.R. § 416.926a(g). The ALJ determined D.L.Y had no limitation in this domain of functioning. (Tr. 20-21). Plaintiff contends D.L.Y. has a marked limitation in this domain of functioning and relies on her statements of D.L.Y's condition that she listed in the Function Report she completed on June 30, 2008. ECF No. 10 at 8-9.

As the ALJ found, Plaintiff and D.L.Y.'s teacher reported in forms that D.L.Y. did well at home and at school when she took her medications. (Tr. 17, 81- 90, 121-28). Furthermore, Dr. Roger House indicated D.L.Y. did well when she took her medications, but had problems during the periods when she failed to comply with following her prescribed course of treatment. (Tr. 154). Also, Dr. Frazier Kennedy indicated D.L.Y. had no limitation in this domain of functioning in his Childhood Disability Evaluation Form completed on July 21, 2008. (Tr. 171). Dr. Stephen Whaley made a similar finding in his Childhood Disability Evaluation Form completed on August 25, 2008. (Tr. 182). Finally, Plaintiff testified D.L.Y. is better at school when she is taking her medications. (Tr. 42-45).

Accordingly, based upon this information, this Court finds the ALJ's determination that

D.L.Y. had no limitation in acquiring and using information is supported by substantial evidence in the record.

### 2. Attending and Completing Tasks

In this domain of functioning, the SSA considers how well the claimant is able to focus and maintain attention and how well the claimant begins, carries through, and finishes activities, including the pace at which the claimant performs activities and the ease with which the activities are changed. *See* 20 C.F.R. § 416.926a(h). The ALJ determined D.L.Y. had less than marked limitation in this domain of functioning. (Tr. 21-22). Plaintiff contends D.L.Y. has an extreme limitation in this domain of functioning. ECF No. 10 at 9-10.

On October 16, 2008, D.L.Y.'s teacher completed a questionnaire. In the domain of attending and completing tasks, the teacher indicated D.L.Y. had no problems in this domain with the exception of disrupting the class by talking out. (Tr. 123). Additionally, a Childhood Disability Evaluation Form completed by Dr. Frazier Kennedy on July 21, 2008, indicates D.L.Y. had a less than marked limitation in this domain of functioning. (Tr. 171). Dr. Stephen Whaley made a similar finding in his Childhood Disability Evaluation Form completed on August 25, 2008. (Tr. 182).

Based upon this information, this Court finds the ALJ's decision that D.L.Y. has less than marked limitation in this domain of functioning is supported by substantial evidence in the record.

### 3. Interacting and Relating with Others

In this domain of functioning, the SSA considers how well the claimant initiates and sustains emotional connections with others, develops and uses the language of the claimant's community, cooperates with others, complies with the rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i). The ALJ found D.L.Y. has less than

marked limitation in this domain of functioning. (Tr. 22-23). Plaintiff contends D.L.Y. has a marked limitation in this domain of functioning. ECF No. 10 at 11-12.

On October 16, 2008, D.L.Y's teacher completed a questionnaire. In the domain of interacting and relating with others, the teacher indicated D.L.Y. had no problems in this domain with the exception of seeking attention and asking permission appropriately, and obeying adults. (Tr. 124). The teacher also indicated it had not been necessary to implement behavior modification strategies for the child. *Id.* Additionally, a Childhood Disability Evaluation Form completed by Dr. Frazier Kennedy on July 21, 2008, indicates D.L.Y. had no limitation in this domain of functioning. (Tr. 171). Dr. Stephen Whaley made a finding of less than marked limitation in this domain in his Childhood Disability Evaluation Form completed on August 25, 2008. (Tr. 182).

Based upon information, this Court finds the ALJ's determination that D.L.Y. had a less than marked limitation in this domain of functioning is supported by substantial evidence in the record.

### 4. Moving About and Manipulating Objects

In this domain of functioning, the SSA considers how the claimant moves his or her body from one place to another and how the claimant moves and manipulates things through gross and fine motor skills. *See* 20 C.F.R. § 416.926a(j). The ALJ found D.L.Y. had no limitation in this domain of functioning. (Tr. 23-24). Plaintiff agrees D.L.Y. has no limitation in this domain of functioning. ECF 10, Pg. 12.

### 5. Caring for Yourself

In this domain of functioning, the SSA considers how well the claimant maintains a healthy emotional and physical state. *See* 20 C.F.R. § 416.926a(k). Factors to consider include how well the claimant gets his or her physical and emotional wants and needs met in appropriate ways, how the claimant copes with stress and changes in his or her environment, and whether the claimant takes

care of his or her own health, possessions, and living area. *Id.* The ALJ determined D.L.Y. had no limitation in this domain of functioning. (Tr. 24-25). Plaintiff agrees D.L.Y. has no limitation in this domain of functioning. ECF 10, Pg. 13.

### 6. Health and Physical Well-Being

In this domain of functioning, the SSA considers the cumulative physical effects of the claimant's physical or mental impairments and their associated treatments or therapies on that claimant's functioning. *See* 20 C.F.R. § 416.926a(l). The ALJ determined D.L.Y. had no limitation in this domain of functioning. (Tr. 25-26). Plaintiff claims D.L.Y. has limitations in this domain. ECF No. 10, Pg. 14.

In a Function Report completed by Plaintiff on June 30, 2008, it was reported that D.L.Y. had no problems seeing or hearing and no limitation in her physical abilities. (Tr. 102, 106). Also, on October 16, 2008, D.L.Y.'s teacher completed a questionnaire. The teacher did not indicate D.L.Y. had any problems in this domain. (Tr. 127). Additionally, a Childhood Disability Evaluation Form completed by Dr. Frazier Kennedy on July 21, 2008, indicates D.L.Y. had no limitation in this domain of functioning. (Tr. 172). Dr. Stephen Whaley made a similar finding in his Childhood Disability Evaluation Form completed on August 25, 2008. (Tr. 183).

Accordingly, based upon this information, this Court finds the ALJ's determination regarding this domain of functioning is supported by substantial evidence in the record.

### B. Development of Record

In her appeal brief, Plaintiff also claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ erred in developing the record. Specifically, she claims the ALJ did not have certain reports from Plaintiff's child's treating psychiatrist, Dr. Roger House, at the time he issued his decision on March 9, 2010. ECF No. 10, Pgs. 4-6.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ did not have reports from Dr. House dated October 14, 2009, January 11, 2010, and April 6, 2010. Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of D.L.Y.'s limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). Also, in reviewing the reports from October 14, 2009 and January 11, 2010, the Court notes these "progress notes" from Dr. House provide no evidence in support of Plaintiff's claims and only indicate D.L.Y. has been diagnosed with ADHD and has failed to properly comply with her medication use. (Tr. 152-153).

Finally, the report dated April 6, 2010, which found D.Y.L. had an extreme limitation in personal and behavioral development, was completed nearly one month after the ALJ's decision of March 9, 2010. (Tr. 12-27). The Appeals Council, must consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the

ALJ's decision."  *See Bergmann v. Apfel,* 207 F.3d 1065, 1069 (8th Cir. 2000) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir.1990)); 20 C.F.R. §§ 404.976(b), 416.1476(b).  Dr. House's April 6, 2010 report (Tr. 151) is not material and does not relate to the period on or before the date of the ALJ's decision of March 9, 2010.  (Tr. 12-27).  Because of this, the Appeals Council was not required to consider this evidence.  *See* 20 C.F.R. §§ 404.976(b), 416.1476(b).

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of D.L.Y. is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of June 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE